JOAN TAYLOR JONES, PRESENTLY JOAN T. BRANDEN-BURG, PLAINTIFF-RESPONDENT, v. HARVEY C. JONES, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 5, 1978—Decided November 9, 1978.

Before Judges Kole and Milmed.

*Mr. James C. Orr* argued the cause for appellant (*Messrs. Lum, Biunno & Tompkins,* attorneys; *Mr. Orr,* of counsel; *Ms. Claire T. Barile* on the brief).

*Mr. Charles M. DeFuccio* argued the cause for respondent (*Messrs. Rose, Poley & DeFuccio,* attorneys; *Mr. Arthur Rose,* of counsel; *Mr. DeFuccio* on the brief).

The opinion of the court was delivered by
Milmed, J. A. D. This appeal brings up for review an order of the trial court denying defendant's motion to terminate his obligation to pay alimony to plaintiff following her remarriage and providing for his commitment and confinement upon his failure to pay certain arrearages of such alimony.

The essential facts regarding the issue are not in dispute. The May 17, 1976 judgment of divorce approved "the oral agreement between the parties," including a provision that:

Defendant shall pay directly to plaintiff for her support and maintenance the sum of $800.00 per month for one year from the date of entry of Judgment of Divorce between the parties. Thereafter, he shall pay to plaintiff for her support and maintenance the sum of $600.00 per month for two years, at which time he shall be relieved of any further obligation to contribute toward the support and maintenance of the plaintiff.

Plaintiff remarried on January 22, 1977 and is now Joan T. Brandenburg. Upon being informed of the event defendant stopped making the monthly support payments to plaintiff. The judgment of divorce also directed, in accordance with the "oral agreement" of the parties, that defendant "shall continue to provide for the education, support and maintenance of the children until each of them has completed his or her college educations." Defendant has continued to support the children, and expressed his willingness to continue to do so. Plaintiff, who has custody of the two

unemancipated children of the marriage, suggests that part of the support money payable to her was intended to cover the cost of her maintaining the children while they are not attending college. This is emphatically denied by defendant.

The trial judge determined that the provision of the "oral agreement," included in the judgment of divorce, requiring defendant to make monthly payments for the support and maintenance of plaintiff "was not to terminate on her remarriage." We disagree. It is clear to us that defendant's obligation for support of his former wife came to an end upon her remarriage.

In July 1969 the parties executed a memorandum regarding their respective rights and obligations upon separation. Insofar as support for plaintiff was concerned, the memorandum provided in part that "HCJ will pay JTJ $800/month until she remarries." While the "oral agreement" and judgment of divorce are silent on the question of plaintiff's remarriage, N. J. S. A. 2A:34–25 requires that:

> If after the judgment of divorce the wife shall remarry, the court shall not make any order as to the alimony of such wife except that upon application of the former husband, on notice and on proof of the marriage of the former wife after the judgment of divorce, the court shall modify any order or judgment as to the alimony of the former wife by vacating and annulling any and all provisions in any such order or judgment, or both, directing the payment of money for the support of the former wife.

The provisions of this statute are mandatory. *Ferreira v. Lyons,* 53 *N. J. Super.* 84, 86–87 (Ch. Div. 1958). "There is no question but that a valid second marriage extinguishes a wife's right to alimony from her first husband." *Flaxman v. Flaxman,* 57 *N. J.* 458, 461 (1971). As noted above, the "oral agreement" is silent on the question of plaintiff's remarriage. There being no contrary intention expressed in that "agreement," plaintiff's remarriage on January 22, 1977 terminated defendant's obligation thereunder to support her. See Annotation, "Remarriage of wife as affecting husband's obligation under separation agreement to support

her or to make other money payments to her," 48 *A. L. R.* 2d 318, 320 (1956). See also, Annotation, "Alimony as affected by wife's remarriage, in absence of controlling specific statute," 48 *A. L. R.* 2d 270 (1956), wherein it is noted that:

> Contribution by a former husband to support which a present husband is obligated to provide is said to be contrary to public policy, the courts recoiling from this idea of double support. [at 273]

Beyond this, as we pointed out in *Stein v. Fellerman,* 144 *N. J. Super.* 444 (App. Div. 1976), certif. den. 73 *N. J.* 50 (1977):

> The public policy of this State, expressed in *N. J. S. A.* 2A:34–25, that a divorced husband should not be forced to support a former wife after she has remarried another should not be undermined by a "technical dissimilarity" between an order for alimony in the statutory sense and an agreement to pay support voluntarily undertaken by a husband. Whatever the source of the obligation, the public policy remains the same, and the application of *N. J. S. A.* 2A:34–25 should not be made to turn on this technical distinction, but rather on the true nature of the liability asserted. [at 454]

The order under review is reversed and the matter is remanded to the trial court for the entry of an appropriate order terminating defendant's obligation for the support and maintenance of plaintiff as of January 22, 1977, the date of her remarriage.